IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No.: CR-11-399-KOB-RRA |
| ) | |
| ) | |
| ROY CHRISTIAN LEE, ) | |
|     Defendant, ) | |

## SENTENCING MEMORANDUM

Comes now the undersigned, counsel for defendant Roy Christian Lee, and submits the following memorandum regarding sentencing. The question presented is primarily whether this Court can, or should, depart downwardly below the mandatory minimum sentence for Lee's firearms charge, despite the Government's refusal to recommend such a downward departure or sentence reduction.

**Relevant Plea Agreement Language**

On page 11 of Lee's plea agreement, the Government entered into the following agreement, or made the following assurances, to Lee in exchange for him providing substantial assistance:

> In the event the defendant provides assistance that rises to the level of "substantial assistance," as that term is used in USSG § 5K1.1, the government agrees to file a motion requesting a downward departure in the

> calculation of the defendant's advisory sentence. <u>Should any of the counts of conviction subject the defendant to a mandatory minimum sentence, the government may also seek a sentence reduction below said mandatory minimum sentence, by including in its motion a recommendation pursuant to the provisions of 18 U.S.C. § 3553(e).</u>

(emphasis added).

It cannot be disputed that defendant Lee has done much more that provide "substantial assistance." The Assistant United States Attorney prosecuting this case has stipulated to the Court in a prior sentencing hearing that Lee's assistance was "exemplary." Further, this Court has been provided with an exhibit that details the results of that assistance. That exhibit demonstrated that Lee's cooperation was greater than "substantial assistance."

That cooperation or assistance was the result of assurances that Lee would receive a benefit on all of his charges at the time of sentencing. The language in the plea agreement, quoted above, is one of those assurances. Lee reasonably relied on that assurance to his detriment, and the government should be required to specifically perform the terms of that agreement.

**<u>Specific Performance</u>**

As in any other circumstance concerning the enforcement of an agreement between parties, contract law analysis generally applies when the effect of a plea

agreement must be determined by a trial court. It is settled that the government is legally bound to fulfill the promises that it makes in a plea agreement. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495 (1971). "When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." *Santobello*, 404 U.S. at 262-263.

In the instant case, it cannot be argued that Lee's decision to enter a guilty plea did not rest "in any significant degree on a promise or agreement of the prosecutor," specifically, the assurances set out in the language from the plea agreement set out above.

As a result of Lee's reasonable reliance on those assurances, he respectfully asks this Court to provide the remedy of specific performance for the Government's failure to fulfill the terms of the plea agreement. *Santobello, supra*, recognizes specific performance as a potential remedy to the government's breach of a plea agreement. *Santobello*, 404 U.S. at 263, 92 S.Ct at 499; See also, United States v. Olesen, 920 F.2d 538, 540 (8th Cir. 1990).

## Lee's Reliance and Ambiguity

Although the undersigned has found no Eleventh Circuit case law directly on point, the Ninth Circuit Court of Appeals has held that an objective standard,

whether the defendant's reliance was reasonable, is what controls. Further, any ambiguities in the agreement must construed in favor of the defendant:

> We employ objective standards -- it is the parties' or *defendant's* reasonable beliefs that control…. The construction we adopt, however, incorporates the general rule that ambiguities are construed in favor of the defendant. Focusing on the defendant's reasonable understanding also reflects the proper constitutional focus on what induced the *defendant* to plead guilty.

*Brown v. Pool*, 337 F.3d 1155, 1159-61 (9th Cir. 2003) (emphases in original).

### **Intent of 18 U.S.C. Section 3553(e)**

Further, sentencing Lee without a downward departure or sentence reduction as to the firearms charge would be directly contrary to the purpose of section 3553(e), which encourages courts to impose a sentence below the statutory minimum in cases such as these "so as to reflect a defendant's substantial assistance." The government's decision to recommend a downward departure as to all of Lee's convictions except for the firearms charge is clearly at odds with both the intent and spirit of section 3553(e).

Wherefore, the above premises considered, Lee respectfully asks this Court to impose a sentence in accordance with these principles.

/s/ Charles H. Pullen  
Charles H. Pullen  
Attorney for Defendant  
221 East Side Square, Suite 3-A  
Huntsville, AL  35801  
(256) 532-3888

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2013, I electronically filed the foregoing with the Clerk of the Court using the CMF/ECF system which will send notification of such filing to the following: the United States Attorney.

/s/ Charles H. Pullen  
Charles H. Pullen
